IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| WILLIAM BOGLE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 2:11-0106 |
| ) | JUDGE SHARP/KNOWLES |
| SHIROKI NORTH AMERICA, INC., ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Defendant's "Motion to Dismiss" for failure to prosecute and failure to comply with a Court Order. Docket No. 17. Plaintiff has not filed a Response to the Motion.

Judge Sharp previously entered an Order allowing Plaintiff's counsel to withdraw. Docket No. 14. That Order states in relevant part as follows:

> The Plaintiff will be allowed thirty (30) days from the date of the entry of this Order within which to retain substitute counsel or to notify the Court that he intends to proceed pro se. If substitute counsel is retained, said substitute counsel shall file a Notice of Entry of Appearance with the Clerk before the expiration of this 30-day time period. If substitute counsel is not retained, Plaintiff shall notify the Court in writing before the expiration of this 30-day period that he wishes to proceed pro se.

*Id*.

The docket sheet shows that Plaintiff received the referenced Order. Docket No. 16.

As the record shows, Plaintiff has clearly failed to comply with the Court's previous

Order, and he has not filed a Response to the instant Motion.

For the foregoing reasons, the undersigned recommends that Defendant's Motion to Dismiss (Docket No. 17) be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

E. Clifton Knowles
United States Magistrate Judge